**In the Matter of the Arbitration Between**

**NAR S.P.A.–INDUSTRIA NASTRI ADESIVI, Petitioner,**

v.

**I.R. INDUSTRIES, Respondent.**

**No. 98 CIV. 1057(BDP).**

United States District Court, S.D. New York.

May 20, 1998.

Edmund J. Ferdinand III, Graham & James, New York City, for Petitioner.

Jeffrey Hellman, Zeisler & Zeisler, Bridgeport, CT, for Respondent.

## MEMORANDUM DECISION AND ORDER

PARKER, District Judge.

Petitioner NAR S.p.A.—Industria Nastri Adesivi ("NAR"), an Italian corporation, moves pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention"), 9 U.S.C. § 201 et seq., to confirm a foreign arbitral award rendered in Italy in its favor on March 8, 1996. Respondent I.R. Industries, a New York corporation, has not opposed this motion.

Pursuant to an arbitration clause in an April 14, 1988 agreement between NAR and I.R. Industries, NAR commenced an arbitration proceeding against I.R. Industries in Milan, Italy. In accordance with the Rules of Arbitration of the International Chamber of Commerce, NAR sought to recover from I.R. Industries the balance owed for five shipments of goods that NAR made to I.R. Industries after terminating a business relationship between the parties. After hearing evidence, the Arbitrator on March 8, 1996 entered an award in writing. The Arbitrator found no modification of the April 14, 1988 agreement that would have relieved I.R. Industries of its contractual obligation to pay the full amount of NAR's invoices and issued a judgment against I.R. Industries. In January 1997, the award was certified by a Magistrate in Milan, Italy. NAR now seeks confirmation of that award. For the following reasons, NAR's motion to confirm the award is granted.

## DISCUSSION

■ Congress has provided federal district courts with the authority to confirm foreign arbitral awards. 9 U.S.C. § 207; see also Yusuf Ahmed Alghanim & Sons, W.L.L. v. Toys "R" Us, Inc., 126 F.3d 15, 19 (2d Cir.1997). To obtain enforcement of the arbitral award, a party may apply to federal district court, attaching copies of the arbitral award and the agreement to arbitrate. See Convention, Article IV (reprinted following 9 U.S.C. § 201). NAR has complied with these requirements. Once the requirements are complied with, the district court's role in reviewing a foreign arbitral award is limited: "The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition specified in the said Convention." 9 U.S.C. § 207. These grounds for refusal must be invoked and proved by the party opposing confirmation of the award, and are not applicable here where the motion is unopposed. See Convention, Article V.

## CONCLUSION

Petitioner's motion to confirm the arbitral award is granted. The Clerk of the Court is directed to enter judgment, with statutory costs, for petitioner.

**SO ORDERED.**